McCAY, J.
Taking all the evidence in this case, we cannot but feel that the verdict of the jury is about right, that substantial justice has been done. We cannot give our assent to some of the charges of the Court, as, for instance, that the jury might reject the contract altogether, and go upon the abstract equity of the transaction; or, that the jury might consider the value of the payment in specie, and only credit the note with that value. Both these propositions have been denied by this Court.
1. But we do not see that the verdict of the jury has been influenced by these illegal charges. They have evidently not set aside the contract, but making it one of the elements in their conclusion, they have recognized the payment, and, in,the main, done equity between the parties.
2. The main question in the case evidently was whether or *681 not the whole debt had not been paid. There was evidence on both sides upon this,.and we think the weight of the- evidence was with the plaintiff. Clearly, therefore, this is not such a case as will authorize a new trial on the ground that the verdict is shockingly against the testimony.
3. As to the amount of the verdict, as we have said in several cases, this Court recognizes a more than ordinary latitude in Confederate contracts, coming under the Ordinance of 1865. These cases stand so much upon their own circumstances, the relation of said money to the property of the country was so different in different localities, that something more than ordinary latitude, in fixing its true value at the time, is of importance in getting at the real truth.
4. It would seem like sticking very closely in the bark to apply section 3820 of the Revised Code, to a case where the ^witness is, himself, a party at interest in the suit. That the presence of his agent, or kinsman, or attorney, should be held prima facie to vitiate the interrogatories, seems absurd. It is proper enough that this rule should be rigidly adhered to when the witness is supposed to be free from bias. But the presence of the party himself, which is a necessity where he is the witness, makes the presence of the others immaterial. This witness comes before the Court known to be biased; the case is his own, and the presence of his agfeirt cannot add anything to the presumption which arises from the connection of the witness with the case.
5. “We see nothing in the Ordinance of 1865 to change the well-settled rule that the terms of a written contract cannot be altered by parol. So far as the word dollars is concerned, it may be explained, and certain other proof may be had going to .settle the rights of the parties, growing out of the uncertainty of this word. But the contract, the agreement of the parties, speaks for itself, as in other cases.”
Judgment affirmed.